IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOTS ROCK RAGE, LLC d/b/a SLOTH STEADY, a Michigan limited liability company, and NATHAN RUSSELL, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTRIC FOREST, LLC, a Delaware limited liability company, MADISON HOUSE PRESENTS, LLC, a Delaware limited liability company, and INSOMNIAC HOLDINGS, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 18-cv-7418 <br><br> Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendants, Electric Forest, LLC ("Electric Forest"), Madison House Presents, LLC ("Madison House Presents"), and Insomniac Holdings, LLC ("Insomniac"), submit this memorandum of law in support of their motion to dismiss the Complaint brought by Plaintiffs Roots Rock Rage, LLC d/b/a Sloth Steady ("Sloth Steady") and Nathan Russell, for improper venue.

**I.    Introduction**

This is a defamation case based on a communication referencing agreements between Sloth Steady and Electric Forest for a musical festival that occurs annually in Michigan. Plaintiffs' case depends on the interpretation of those agreements. If, as the Defendants believe, the agreements show the communication to be true or substantially true, Plaintiffs' case fails.

Pertinent to this Motion, the agreements contain a mandatory forum selection clause. It requires any dispute arising out of or relating to the agreements to be brought in a federal or state

court located in Los Angeles County, California. The clause applies to this case and should be enforced. Consequently, this case was brought in an improper forum and must be dismissed.

## II. Facts

### 1. The Sponsorship Agreement

Since 2011, Electric Forest has produced a festival styled "*Electric Forest*" (the "Festival") (*See* Decl. of Chad Cheek ("Cheek Decl.") ¶ 2.) The Festival is an immersive, multiple-day music festival held annually in Rothbury, Michigan. (*Id.* at ¶ 3.) Electric Forest is a joint venture between Madison House Presents and Insomniac, and employees from all three Defendants work on the production of the Festival. (*See id.* at ¶¶ 4–5.) Electric Forest's two limited liability company members are Insomniac and Madison House Presents. (Dkt. No. 1, Decl. of Shawn A. Trell ("Trell Decl.") ¶ 2.) Electric Forest contracts with various vendors and sponsors for the sale of official merchandise at the Festival. (*See* Cheek Decl. ¶ 6.) Effective as of February 23, 2015, Electric Forest and Sloth Steady entered into a sponsorship agreement for the design, production, and sale of sponsored pins at the Festival (the "Sponsorship Agreement," attached as Exhibit A). The Sponsorship Agreement required Sloth Steady to pay fees to Electric Forest and cover certain costs, and in exchange received a number of rights and benefits for the Festivals in 2016, 2017, and 2018, including being the exclusive pin sponsor at the Festival, gaining the ability to use certain Festival trademarks in connection with advertising its pins, and receiving a "high traffic" area in which to sell the pins at the Festival. (*See id.* at ¶¶ 2, 6(a), Sponsor Rights and Benefits for Event.)

The Sponsorship Agreement contained a "Governing Law; Forum Selection Clause," which stated:

> This agreement and the parties' conduct arising out of or related to it shall be governed by California law, without regard to its choice of law rules. Any dispute

>arising out of or related to this Agreement must be brought in federal or state court in Los Angeles County, and the parties hereby consent to the exclusive jurisdiction and venue of such forum.

(Ex. A at ¶ 16.) Notably, Sloth Steady had entered into one-year contracts with Electric Forest in 2014 and 2015, both of which contained the identical forum selection clause. (*See* Ex. B at ¶ 17; Ex. C at ¶ 17.)

The Sponsorship Agreement was amended twice. The first amendment accounted for the lengthening of the Festival to include an additional weekend, and was executed on February 16, 2017. (*See id.* Ex. D at B.) A second amendment was agreed to by the parties on December 18, 2017, to "expand on [Sloth Steady's] involvement" with the Festival in 2018. (*See* Ex. E at C, ¶ 1.) For example, the first amendment provided Sloth Steady would design three additional custom pins with no production minimum specified, whereas the second amendment provided Sloth Steady would design eight additional customer pins to produce and provide 2,400 pins. (*Compare* Ex. D at ¶ 1 *with* Ex. E at ¶ 1.) Both amendments stated that except as otherwise provided in the amendments, the terms in the Sponsorship Agreement remained unmodified and in full force and effect. (*See* Ex. E ¶ 3; Ex. E ¶ 3.) Neither amendment modified the "Governing Law; Forum Selection Clause" in the Sponsorship Agreement. (*See generally* Ex. D; Ex. E.) Mr. Russell executed the Sponsorship Agreement and two amendments on behalf of Sloth Steady. (*See* Exs. C–E.) He is the sole member and manager of Sloth Steady. (*See* Compl. ¶ 2.)

### 2. This Action

On October 9, 2018, Plaintiffs filed an action in the Circuit Court of Cook County, Illinois, against the Defendants for defamation per se, defamation per quod, and false light. (*See* Ex. F ("Compl.") ¶¶ 16, 19, 21.) The basis for Plaintiffs' claims is a communication sent by an Electric Forest employee to a third-party vendor, which included the statements that Sloth Steady "confirmed an exclusive agreement for selling pins at Electric Forest. They upgraded their sponsor

arrangement to ensure exclusivity." (*Id.* at ¶ 25.)

Defendants removed the action to this Court on the grounds of diversity jurisdiction. (*See* Dkt. No. 1.)

## III.     Legal Standard

Under Federal Rule 12(b)(3), an action can be dismissed for improper venue based on a valid forum selection clause. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006) (granting motions to dismiss for valid forum selection clause). In diversity actions involving a contract with a choice-of-law clause and a forum selection clause, the Seventh Circuit analyzes the validity of the forum selection clause under the law designated in the parties' choice-of-law clause. *See Abbott Labs. v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007) (enforcing forum selection clause selecting Japan as forum). California law governs the Sponsorship Agreement (Ex. A at ¶ 16), and thus the validity of the forum selection clause should be analyzed under California law.

Under California law, mandatory forum selection clauses are valid and should generally be given effect unless enforcement of the clause is unreasonable because the forum would be unavailable or unable to accomplish substantial justice, no rational basis exists for the choice of forum, or enforcement would contradict California state policy. *See Intershop Commc'ns AG v. Superior Ct.*, 127 Cal. Rptr. 2d 847, 104 Cal. App. 4th 191, 196, 199–200 (Cal. Ct. App. 2002) (enforcing forum selection clause, selecting Germany as forum). Inconvenience or the additional expense of litigating in California should not be considered. *See id.* at 199. Forum selection clauses can apply to non-signatories as well, including when the non-signatory is closely related to the contractual relationship. *See Lu v. Dryclean-U.S.A. of Cal., Inc.*, 14 Cal. Rptr. 2d 906, 11 Cal. App. 4th 1490, 1494 (Cal. Ct. App. 1992) (holding forum selection clause enforceable against the

4

corporate parent of the signatory). Plaintiffs bear the significant burden of proving the forum selection clause should not be enforced. *See Intershop Commc'ns.*, 104 Cal. App. 4th at 198.

## IV. Argument

### 1. The Forum Selection Clause Is Mandatory and Valid

The forum selection clause in the Sponsorship Agreement has not been modified by subsequent amendments and remains in full force and effect. (*See generally* Ex. D; Ex. E.) The forum selection clause states any dispute arising out of or related to the Sponsorship Agreement "*must be* brought in Los Angeles County," the "*exclusive*" forum. (Ex. C at ¶ 16 (emphasis added).) Thus, the forum selection clause in the Sponsorship Agreement is mandatory because "must be" and "exclusive" require the parties to file only in a court in Los Angeles County. *See CQL Original Prods., Inc. v. Nat'l Hockey League Players' Ass'n*, 46 Cal. Rptr. 2d 412, 39 Cal. App. 4th 1347, 1358 (Cal. Ct. App. 1995) (finding the use of "shall" expressly required claims arising under the agreement be brought in Canada); *Olinick v. BMG Entm't*, 42 Cal. Rptr. 3d 268, 138 Cal. App. 4th 1286, 1294 (Cal. Ct. App. 2006) (holding "[t]he parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York . . . ." constituted a mandatory forum selection clause).

The forum selection clause in the Sponsorship Agreement should be enforced. Starting in 2014, Sloth Steady and Electric Forest negotiated five agreements regarding the sponsorship of pins at the Festival. (*See generally* Exs. A-E.) Sloth Steady agreed to the forum selection clause each time. Insomniac is based in California, Madison House Present's sole member, AEG Presents, is based in California, and potential witnesses for Defendants are located in multiple states. (*See* Dkt No. 1, Decl. of Ian Humphrey ¶ 2; Trell Decl. ¶ 4; Cheek Decl. ¶ 7.) As such, a rational basis exists for selecting Los Angeles County as the exclusive forum. *See Cal-State Business Products*

*& Services, Inc. v. Ricoh*, 16 Cap. Rptr. 2d 417, 12 Cal. App. 4th 1666, 1681–82 (Cal. Ct. App. 1993) ("Nor is the provision outside the reasonable expectations of [Plaintiff]—obviously if two parties to a contract are domiciled on opposite coasts, either one party or the other will wind up with the home-court advantage . . . so the plaintiff would have to recognize this would be part of the price of doing business with [defendant]."). There is no reason why a court in Los Angeles County would be unable to accomplish substantial justice in a defamation case. Plaintiffs cannot meet their heavy burden to prove the forum selection clause should not be enforced.

### 2. The Forum Selection Clause Applies to This Action

Plaintiffs' claims fall within the scope of the forum selection clause. The clause requires any dispute "arising out of or related" to the Sponsorship Agreement to be brought in Los Angeles County. (Ex. C at ¶ 16.) The correspondence that serves as the basis of Plaintiffs' claims refers to an "exclusive agreement" and "upgrad[ing] their sponsor arrangement," i.e., the Sponsorship Agreement and subsequent amendments. (Compl. ¶ 25.) Whether the communication was true or substantially true (an affirmative defense to Plaintiffs' claims) depends on the interpretation of the Sponsorship Agreement as amended. Therefore, the dispute arose out of and is related to the Sponsorship Agreement. *See Olinick*, 138 Cal. App. 4th at 1300–301 (finding forum selection clause applied to discrimination claim, where interpretation of employment agreement was central issue to the case); *Joseph v. Amazon.Com, Inc.*, No. C12-06256 HRL, 2013 WL 4806462, at *4 (N.D. Cal. Sept. 9, 2013) (holding resolution of defamation/slander/libel claims would involve interpretation of the agreement between the parties and thus fell under the scope of the forum selection clause); *see also Abbott Labs.*, 476 F.3d at 424 (explaining the forum selection requiring any dispute "arising from, concerning or in any way related" to the agreement was "about as broadly worded as could be imagined" and applied to a breach of fiduciary duty tort claim).

The forum selection clause applies to this case even though Madison House Presents and Insomniac are not parties to the Sponsorship Agreement. Madison House Presents and Insomniac are the only members of Electric Forest, their employees produce the Festival, and they benefit from the agreement. Moreover, Plaintiffs alleged all three Defendants are responsible for the allegedly defamatory communication that arose out of the parties' contractual relationship. (*See, e.g.*, Compl. ¶¶ 71–78.) Thus, Madison House and Insomniac were closely related to the contractual relationship, and the forum selection should be enforced as to them as well. *See Bugna v. Fike*, 95 Cal. Rptr. 2d 161, 80 Cal. App. 4th 229, 235 (Cal. Ct. App. 2000) (enforcing forum selection clause against non-signatories involved in the transactions attacked in plaintiff's case). Plaintiffs cannot be permitted to "sidestep a valid forum selection clause simply by naming a closely related party who did not sign the clause as a defendant." *Lu*, 11 Cal. App. 4th at 1494.

**V.   Conclusion**

The Sponsorship Agreement contains a valid forum selection clause mandating that any dispute arising out of or related to the agreement be brought in a state or federal court in Los Angeles County, California. This broad clause covers all claims in, and parties to, this litigation. Therefore, venue is proper only in Los Angeles County, California, and this case must be dismissed.

WHEREFORE, Defendants respectfully request this Court grant Defendants' Motion and dismiss this case for improper venue.

Dated: December 17, 2018    Respectfully submitted,

/s/ Floyd A. Mandell

Floyd A. Mandell (1747681)
Julia L. Mazur (6309387)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
floyd.mandell@kattenlaw.com
julia.mazur@kattenlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2018, I caused the foregoing ***Defendants' Memorandum of Law in Support of Their Rule 12(b)(3) Motion to Dismiss*** to be filed via the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

/s/ Floyd A. Mandell